UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No.     2:24-cv-02386-WDK-AJR                    Date: March 28, 2024
                                                      Page 1 of 7

Title:       Jimmie Earl Stephens v. G. Matterson, Warden

DOCKET ENTRY:   **ORDER TO SHOW CAUSE WHY THIS ACTION SHOULD NOT BE DISMISSED**

PRESENT:

**HONORABLE A. JOEL RICHLIN, UNITED STATES MAGISTRATE JUDGE**

| Claudia Garcia-Marquez | None | None |
|---|---|---|
| Deputy Clerk | Court Reporter/Recorder | Tape No. |

ATTORNEYS PRESENT FOR PETITIONER:     ATTORNEYS PRESENT FOR RESPONDENT:

None Present                          None Present

**PROCEEDINGS: (IN CHAMBERS)**

On March 17, 2024,[1] Jimmie Earl Stephens ("Petitioner"), a California state prisoner proceeding *pro se*, constructively filed a Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody (the "Petition"). (Dkt. 1.) The Petition arises from Petitioner's 1991 conviction and sentence for second-degree murder. (Id. at 1.)

Petitioner raises four grounds for relief in his Petition. (Id. at 5-10.) First, Petitioner contends that he received ineffective assistance of counsel from both his attorney Peters on August 1, 2023 and his trial counsel on June 6, 1989. (Id. at 5.) Second, Petitioner again contends that he received ineffective assistance of counsel from both his attorney Peters on

---

[1] Under the "mailbox rule," when a *pro se* prisoner gives prison authorities a pleading to mail to court, the Court deems the pleading constructively filed on the date it is signed. See Roberts v. Marshall, 627 F.3d 768, 770 n.1 (9th Cir. 2010). Here, the Court uses March 17, 2024 as the constructive filing date because Petitioner's signature on the Petition is dated March 17, 2024. (Dkt. 1 at 15.)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No.    2:24-cv-02386-WDK-AJR            Date: March 28, 2024
                                             Page 2 of 7

Title:    Jimmie Earl Stephens v. G. Matterson, Warden

August 1, 2023 and his trial counsel Kessel on December 20, 1990 and January 7, 1991 (during sentencing). (Id. at 7.) Petitioner contends that attorney Peters rendered ineffective assistance by refusing to raise certain issues under California's Racial Justice Act of 2020 (Cal. Pen. Code § 745). (Id.) Third, Petitioner again contends that he received ineffective assistance of counsel from attorney Peters and attorney Kessel. (Id. at 8.) Fourth, Petitioner contends that there was some sort of "misconduct" or "abuse of discretion" by either the "judges" or "DA" based on the fact that Petitioner filed more than 21 writ petitions which were all denied. (Id. at 10.)

Petitioner appears to acknowledge that the Petition is untimely by stating under the heading for "TIMELINESS OF PETITION," "Timely under Actual-Factual Innocence." (Id. at 13.) However, Petitioner does not provide any explanation for this assertion of actual innocence. (Id.) Attached to the Petition is an Abstract of Petitioner's conviction and sentence dated April 10, 1991. (Id. at 17.) Also attached to the Petition is an Order of the California Supreme Court dated March 12, 2024 which denies Petitioner's habeas petition. (Id. at 18.) According to the California Supreme Court's Order, Petitioner alleged in his habeas petition that he was entitled to relief under the Racial Justice Act of 2020 and requested the disclosure of discovery. (Id.) However, the California Supreme Court concluded that the petition did "not satisfy the statutory requirements for the disclosure of discovery under the Racial Justice Act" and that "Petitioner [did] not sufficiently describe or attach trial court transcripts concerning displays of racial bias or use of racially discriminatory language." (Id.) Accordingly, the California Supreme Court denied the request for discovery and the habeas petition. (Id.)

Because the Petition was filed after April 24, 1996, the AEDPA's effective date, it is subject to the AEDPA's one-year statute of limitations, as set forth at 28 U.S.C. § 2244(d). See Campbell v. Henry, 614 F.3d 1056, 1058 (9th Cir. 2010). 28 U.S.C. § 2244(d) provides:

"(1)    A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of–

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| | | | |
|---|---|---|---|
| Case No. | 2:24-cv-02386-WDK-AJR | Date: | March 28, 2024 |
| | | | Page 3 of 7 |

Title:      Jimmie Earl Stephens v. G. Matterson, Warden

---

(A) the date on which the judgment became final by conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence."

As set forth above, the AEDPA's one-year limitations period runs from the latest of four possible accrual dates. The first potential accrual date here is when Petitioner's convictions became final, which is defined as "the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). Petitioner sought direct review of his conviction and sentence to the California Court of Appeal and then the California Supreme Court. (Dkt. 1 at 2-4.) The California Supreme Court denied Petitioner's petition for review on March 2, 1994. See https://appellatecases.courtinfo.ca.gov/ (search "Supreme Court," search by party "Jimmie Earl Stephens") (last visited 3/28/24).[2] Thus, Petitioner's conviction became final 90 days later, on **May 31, 1994**, when the period of time for Petitioner to petition for a writ of certiorari in the U.S. Supreme Court expired. See Bowen v. Roe, 188 F.3d 1157, 1159 (9th

---

[2] The Court takes judicial notice of Petitioner's prior proceedings before the California courts. See In re Korean Air Lines Co., Ltd., 642 F.3d 685, 689 n.1 (9th Cir. 2011) (a court may take judicial notice of a court's own records in other cases and the records of other courts); United States ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc., 971 F.2d 244, 248 (9th Cir. 1992) ("[Courts] may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue.").

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No.   2:24-cv-02386-WDK-AJR                    Date:  March 28, 2024
                                                                                   Page 4 of 7

Title:        Jimmie Earl Stephens v. G. Matterson, Warden

Cir. 1999) ("[W]hen a petitioner fails to seek a writ of certiorari from the United States Supreme Court, the AEDPA's one-year limitations period begins to run on the date the ninety-day period defined by Supreme Court Rule 13 expires."). Accordingly, the AEDPA's one-year limitations period began to run the following day on June 1, 2994 and expired one year later, absent tolling.

"A habeas petitioner is entitled to statutory tolling of AEDPA's one-year statute of limitations while a 'properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending.'" Nedds v. Calderon, 678 F.3d 777, 780 (9th Cir. 2012) (quoting 28 U.S.C. § 2244(d)(2)). Under California's unique collateral review system, the state prisoner may file an original petition for writ of habeas corpus with each court within a reasonable period of time rather than a notice of appeal. See Carey v. Saffold, 536 U.S. 214, 221-22 (2002). However, if the delay between filings is unreasonable, then the petition is no longer "pending" for purposes of tolling the statute of limitations during this period. Id. at 225-26 (noting that if California Supreme Court had expressly held delay was unreasonable, petition would no longer be "pending"). Moreover, "[t]he period between when direct review becomes final and the filing of a state habeas petition is not tolled; tolling begins when the state habeas petition is filed." Porter v. Ollison, 620 F.3d 952, 958 (9th Cir. 2010). Furthermore, Section 2244(d), does not "permit the reinitiation of the limitations period that has ended before the state petition was filed." Ferguson v. Palmateer, 321 F.3d 820, 823 (9th Cir. 2003).

Here, Petitioner states that he filed state habeas petitions, but does not provide any information on the dates of these filings, (Dkt. 1 at 3-5), other than attaching the one Order from the California Supreme Court denying a habeas petition on March 12, 2024. (Id. at 18.) "[P]etitioner bears the burden to establish that [he] is entitled to tolling of the AEDPA limitations period." Rudin v. Myles, 781 F.3d 1043, 1053 (9th Cir. 2015). Petitioner does not appear to have met his burden to establish the he is entitled to a period of statutory tolling sufficient to render the instant Petition timely.

In addition to statutory tolling, the AEDPA limitations period may be equitably tolled where a petitioner shows "(1) that he has been pursuing his rights diligently, and (2) that

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.    2:24-cv-02386-WDK-AJR                              Date:  March 28, 2024
                                                                                          Page 5 of 7

Title:    Jimmie Earl Stephens v. G. Matterson, Warden

---

some extraordinary circumstance stood in his way." Holland v. Florida, 560 U.S. 631, 645 (2010). "This is a very high bar, and is reserved for rare cases." Yow Ming Yeh v. Martel, 751 F.3d 1075, 1077 (9th Cir. 2014). Petitioner "bears a heavy burden to show that [he] is entitled to equitable tolling, lest the exceptions swallow the rule." Rudin, 781 F.3d at 1055 (internal quotation marks omitted). Indeed, the Petition does not appear to contain any facts which would support equitable tolling of the AEDPA limitations period. (Dkt. 1 at 1-15.)

Instead, the Petition appears to seek an exception to the AEDPA limitations period based on a claim of actual innocence. (Id. at 13 ("Timely under Actual-Factual Innocence.").) In Schlup v. Delo, 513 U.S. 298, 313-17 (1995), as further explained by House v. Bell, 547 U.S. 518, 536-38 (2006), the U.S. Supreme Court held that a convincing showing of actual innocence enabled a habeas petitioner to overcome a procedural bar to consideration of the merits of their constitutional claims. In McGuiggin v. Perkins, the U.S. Supreme Court extended that holding to claims that are time-barred, such that, "actual innocence, if proved, serves as a gateway through which a petitioner may pass whether the impediment is a procedural bar, as it was in Schlup and House, or, as in this case, expiration of the statute of limitations." 569 U.S. 383, 386 (2013). The Court further found, however, that "in making an assessment of the kind Schlup envisioned, 'the timing of the [petition]' is a factor bearing on the 'reliability of th[e] evidence' purporting to show actual innocence." Id. at 387 (quoting Schlup, 513 U.S. at 332). The Perkins Court held that, "a federal habeas court, faced with an actual-innocence gateway claim, should count unjustifiable delay on a habeas petitioner's part, not as an absolute barrier to relief, but as a factor in determining whether actual innocence has been reliably shown." Id. at 387.

A petitioner seeking to invoke the miscarriage of justice exception (*i.e.*, to have his time-barred claims heard by proving actual innocence) "must show that it is more likely than not that no reasonable juror would have convicted him in light of the new evidence." Perkins, 569 U.S. at 399 (quoting Schlup, 513 U.S. at 327) (internal quotation marks omitted). And, "[u]nexplained delay in presenting new evidence bears on the determination whether the petitioner has made the requisite showing." Id.; Larsen v. Soto, 742 F.3d 1083, 1092 (9th Cir. 2013) (same). This type of analysis, where the focus is on the "merits of a petitioner's actual-innocence claim and taking account of delay in that context, rather than

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.     2:24-cv-02386-WDK-AJR                Date: March 28, 2024
                                                  Page 6 of 7

Title:       Jimmie Earl Stephens v. G. Matterson, Warden

treating timeliness as a threshold inquiry[,] . . . ensur[es] that federal constitutional errors do not result in the incarceration of innocent persons." Perkins, 569 U.S. at 400 (internal quotation marks omitted). In short, "untimeliness . . . does bear on the credibility of evidence proffered to show actual innocence." Id. at 401. Ultimately, "[t]he gateway should open only when a petition presents evidence of innocence so strong that a court cannot have confidence in the outcome of the trial unless the court is also satisfied that the trial was free of nonharmless constitutional error." Id. (internal quotation marks omitted).

Here, Petitioner does not provide any explanation for his assertion of actual innocence. (Dkt. 1 at 13.) Accordingly, the Court cannot say at this point that this is "one of the 'extraordinary' cases where 'a court cannot have confidence in the outcome of the trial.'" Stewart v. Cate, 757 F.3d 929, 940 (9th Cir. 2014) (quoting House, 547 U.S. at 538). In sum, it appears that the Petition is time-barred to the extent Petitioner seeks to challenge his underlying conviction or sentence.

To the extent Petitioner seeks to challenge the conduct of attorney Peters related to the filing of a habeas petition under California's Racial Justice Act of 2020 (Cal. Pen. Code § 745) in 2023, the AEDPA's one-year limitations period would not have begun to run until the date on which the factual predicate of the claims could have been discovered through the exercise of due diligence. See 28 U.S.C. § 2244(d)(1)(D). Accordingly, such a claim is likely still timely. However, Petitioner is advised that "there is no Sixth Amendment right to effective assistance of counsel during state or federal habeas corpus proceedings." Moran v. McDaniel, 80 F.3d 1261, 1271 (9th Cir. 1996). Accordingly, Petitioner's claim challenging the effectiveness of his habeas counsel's performance is not cognizable on federal habeas review. Thus, the Petition appears to be subject to dismissal for this reason as well.

Petitioner is therefore **ORDERED TO SHOW CAUSE,** by **April 27, 2024**, why this action should not be dismissed. **Petitioner may satisfy this Order by filing a declaration, signed under penalty of perjury, setting forth any reason why: (1) Petitioner's challenge to his conviction or sentence is timely (or qualifies for tolling or**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   2:24-cv-02386-WDK-AJR                     Date:  March 28, 2024
                                                                                            Page 7 of 7

Title:      Jimmie Earl Stephens v. G. Matterson, Warden

---

**the actual innocence exception to the time-bar), and (2) Petitioner's challenge to the conduct of his habeas counsel states a cognizable claim on federal habeas review.**

**Petitioner is expressly warned that failure to timely file a response to this Order may result in a recommendation that this action be dismissed with prejudice for his failure to comply with Court orders and failure to prosecute.  See Fed. R. Civ. P. 41(b).** Petitioner is further advised that if he no longer wishes to pursue this action, he may voluntarily dismiss it by filing a Notice of Dismissal in accordance with Federal Rule of Civil Procedure 41(a)(1).  **A form Notice of Dismissal is attached for Petitioner's convenience.**

IT IS SO ORDERED.

Attachment:
CV-09, Notice of Dismissal Pursuant to Federal Rules of Civil Procedure 41(a) or (c).